LOTTINGER, Judge.
This suit was filed by Forrest David, Jr. and his wife, Aileen David, seeking damages for an accident that occurred on June 5, 1973, in which a truck owned and used by defendant, James Pickering, d/b/a Pickering Brothers House Movers, allegedly ran into Mrs. David. The Trial Court rendered judgment in favor of defendants. Plaintiffs have appealed.
Mr. David testified that he was talking to Mr. Pickering and was looking for his property line at the time of the alleged accident. The Trial Court said of Mr. David: “his testimony in several aspects was unbelievable.”
Willie Edwards, the driver of the truck that supposedly hit Mrs. David said that he was directed by his boss to get into the truck and take it back to where it was normally parked. He entered the truck, depressed the clutch pedal to take it out of gear at which point the truck rolled back approximately one and one half (IV2') feet, he then started the engine simultaneously with the truck rolling back and upon starting the engine he heard some hollering. As soon as he heard this hollering he cut the switch off and put the truck in gear so it would not roll any further and got‘out to see what happened. As he walked to the back of the truck he saw both plaintiffs walking to their house. This witness also stated that he saw the plaintiff’s husband and Mr. Pickering speaking together on the side of the truck prior to the alleged accident.
Mr. Pickering testified that the truck could have hit Mrs. David, but he really did not know what caused her to fall. The plaintiff’s husband walking ahead of him and Mrs. David was slightly to his rear when she fell. Mr. David testified that the truck had backed up 10 feet before it struck his wife. No one saw the truck actually strike Mrs. David.
In its written reasons, the Trial Judge said:
“No one saw the truck actually strike Mrs. David. Although plaintiff may prove negligence by circumstantial evidence, such evidence, to be sufficient to prove any facts, must exclude with a fair amount of certainty every reasonable hypothesis other than that which it tends to prove. Tillman v. Canals Ins. Co., La.App., 305 So.2d 602. Mr. Pickering testified that it had rained the night before. Plaintiffs stated that a water faucet had been broken that morning. It is just as likely that Mrs. David may have merely slipped on the damp surface. Furthermore, from the evidence adduced it appears that Mrs. David had had a bout with pneumonia a few weeks before and had just gotten out of the hospital. Obviously she was not at full strength. She may have fainted or tripped. Plaintiffs have not proven that more probably than not she was negligently struck by the truck.
“Nevertheless, even if the truck had been negligently driven and Mrs. David had been negligently struck, any recovery by plaintiffs would be barred by her contributory negligence. She allegedly heard Mr. Pickering yell, ‘Get that goddamn truck off this lot,’ and yet she immediately thereafter walked behind the truck. She must have also heard the engine being cranked up. The Court finds that Mrs. David engaged in conduct which falls below the standard which a reasonable person under the circumstances would have used for her own protection. By her own admission she ‘doesn’t remember what happened.’ This evidences her inattention.”
We find no error in the decision of the Trial Court. For the above and foregoing reasons, the judgment of the Trial Court is *444 affirmed; all costs of this appeal to be paid by plaintiffs.
AFFIRMED.